In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1624

XUEJUN MAKHSOUS,

*Plaintiff-Appellant,*

*v.*

PAM DAYE,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 18-C-587 — **William C. Griesbach**, *Judge.*

SUBMITTED OCTOBER 27, 2020 — DECIDED NOVEMBER 20, 2020

Before SYKES, *Chief Judge*, and KANNE and ST. EVE, *Circuit Judges*.

KANNE, *Circuit Judge*. This is a case of a disgruntled entrepreneur trying to spin her business difficulties into constitutional claims. But Plaintiff has not succeeded. We therefore affirm the district court's decision granting summary judgment to Defendant.

## I. BACKGROUND

Plaintiff Xuejun Makhsous once owned three residential care facilities in Wisconsin. In 2015, the Wisconsin Department of Health Services ("DHS") found that two of Makhsous's facilities did not comply with Wisconsin law.

Defendant Pam Daye is the supervisor of the Aging and Disability Resource Center of Marinette County, Wisconsin ("ADRC"). The ADRC makes recommendations to individuals who inquire about residential care facilities. It does not place individuals in care facilities, monitor care facilities, or issue citations or sanctions to care facilities. In 2016, the ADRC began publishing a "facility directory" for potential residents to peruse. Under Wisconsin's ADRC Operational Practice Guidelines, the directory cannot include facilities that have been found in violation of state, federal, or municipal law —such as Makhsous's.

Acting *pro se*, Makhsous filed this suit in 2018 alleging that Daye violated the Fourteenth Amendment's Due Process and Equal Protection Clauses by failing to include Makhsous's facilities in the ADRC directory and refusing to refer individuals to her facilities. The district court granted summary judgment to Daye because Makhsous did not show that Daye harmed a constitutionally protected property interest or discriminated against her. Now represented by counsel, Makhsous appeals that decision.

## II. ANALYSIS

We review the district court's order granting summary judgment *de novo*. *Flexible Steel Lacing Co. v. Conveyor Accessories, Inc.*, 955 F.3d 632, 643 (7th Cir. 2020) (citing *Ga.-Pac. Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th

Cir. 2011)). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "We draw 'all justifiable inferences' in the favor of the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (citing *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008)).

### A. Due Process

For Makhsous to succeed on her due process claim, she must establish that Daye deprived her of a constitutionally protected property interest. *Kowalski v. Boliker*, 893 F.3d 987, 1000 (7th Cir. 2018). A property interest is a right created by "existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). For an interest to be constitutionally protected, a plaintiff must have "a legitimate claim of entitlement to it" rather than "a unilateral expectation of it." *Id.*

Here, Makhsous asserts that under Wisconsin Statute § 46.283 and the ADRC's 2016 contract with DHS, she had a protected property interest in the ADRC listing her facilities in the directory. But neither source establishes such an interest.

First, § 46.283 provides for the creation and operation of resource centers like the ADRC. It does not confer any property rights to individuals. Second, the contract between the ADRC and DHS does not include Makhsous as a party. And Makhsous has not pointed to any part of the contract that grants her a property interest. Makhsous's desire to be included in the directory or referred to by the ADRC, without

more, is thus a mere "unilateral expectation" and insufficient to support a due process claim. *Id.*

*B. Equal Protection*

To succeed on her class-of-one equal protection claim, Makhsous must establish that Daye discriminated against her with no rational basis for doing so. *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015). "Normally, a class-of-one plaintiff will show an absence of rational basis by identifying some comparator—that is, some similarly situated person who was treated differently." *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014).

In this case, Makhsous argues that Daye discriminated against her based on her race by refusing to refer individuals to her facilities and by failing to include her facilities in the ADRC facility directory.[1] These arguments do not hold water.

The first proffered reason is wholly baseless: Makhsous has put forth no evidence showing that Daye failed to "refer" individuals to her facilities. Instead, the record shows that Daye had no duty to refer individuals to, or place individuals in, Makhsous's facilities. And, for that matter, she did not "refer" anyone to any facilities; she only made recommendations in response to inquiries.

So the only possible question is whether any evidence shows that Daye excluded Makhsous's facilities from the ADRC directory based on Makhsous's race. But none does. To

---

[1] It is unclear whether Makhsous has also argued that DHS's investigation of her facilities supports an equal protection claim against Daye. If she has, the district court was correct that this is a frivolous argument because Daye had nothing to do with DHS's investigations.

the contrary, the evidence makes clear that the ADRC directory did not include Makhsous's facilities because they were found deficient by DHS and because Makhsous failed to ask the ADRC to include them. And Makhsous marshalled no rebuttal evidence showing that Daye failed to include her facilities in the directory because of her race. Makhsous's equal protection claims thus cannot survive summary judgment.

### III. Conclusion

We AFFIRM the decision of the district court granting summary judgment to Defendant.